*116
 
 Gaston, Judge,
 

 after stating the ease as above, proceeded follows; The 75th section of the 34th chapter of the Revised Statutes, respecting crimes and punishments, declares
 
 eveTy
 
 person who shall sell to a slave spirituous liquors, shall, for each offence, forfeit and pay the sum of one hundred dollars, to be recovered by warrant before a justice of the peace, and. applied one half to the. use of the party suing for the same, the other half to the use of the poor of the county. The 77th section of the same chapter enacts that the offences mentioned in the 75th section shall moreover be indictable in the County or Superior Courts, and the defendant, on conviction, shall be fined or imprisoned at the discretion of the court, the fine, however, not to exceed fifty dollars, or the imprisonment three months;
 
 “
 
 and if it shall appear on the trial that the defendant is a licensed retailer of spirituous liquors by the small measure, he or she shall also forfeit his or her retailer’s license, and shall be incapable of taking a new license for the space of two. years from and after the date of his conviction.”
 

 The judgment which has been rendered in this case, seems therefore warranted by the
 
 letter of the
 
 act referred to — but we ave of opinion that the literal sense does not present the true exposition of the intention of the law makers. In the first place, supposing that it was competent for the Legislature to make the degree of punishment of an offence depend not on the nature of the offence when committed, but on the quality and condition of the offender at the time of trial; and also to -provide that the
 
 facts
 
 warranting this increased severity of punishment should not be passed on by the regular tribunal, the jury, but ascertained on affidavits or otherwise by the court — it will not be questioned but that such provisions are not in accordance with the general tenor of our . usages and laws in criminal prosecutions. According to these the guilt of an act is fixed when the criminal act is done, and punishment is difinitively assigned by law to criminal acts with reference to' their guilt. According to these, every material fact warranting the punishment of an offender, is to be charged against him, and, if not admitted to be true, must be found true by the country before a court
 
 *117
 
 can award that punishment. Such a departure from the ordinary system of criminal jurisprudence is not lightly to intended.
 

 But the object of the Legislature in making this special enactment, would be, in a great measure, defeated, if the literal interpretation were to prevail. Licences are granted annually. If one who sold spirits to a slave were not liable to the increased punishment unless he had a license in force
 
 at the time of the
 
 trial, a little delay would put it in the power of every offender to avoid this punishment. •
 

 The sound construction seems to us to be that the Legislature intended to make the criminal act more penal in the case of a retailer than of an ordinary individual. When the offence was committed by a retailer then, in addition to fine and imprisonment, he was to forfeit his license (if yet unexpired) and at all events to berendered incapable for two years thereafter of obtaining another license. That the of-fence has been committed under these circumstances of aggravation must indeed
 
 “
 
 appear on the trial,” but it is to appear in the ordinary way, by an averment thereof in the indictment, and a confession or finding that such averment is true. So much therefore of the judgment in this case as is in addition to the fine imposed on the defendant, seems to us erroneous.
 

 This opinion is to be certified to the Superior Court of Anson, with directions to pronounce sentence on the defendant in conformity thereto.
 

 Per Curiam. Judgment to be reformed.